Jim **FULLER**, Jr., Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION, AND WELFARE, Defendant.**

**Civ. A. No. 6–71112.**

United States District Court,
E. D. Michigan, S. D.

May 25, 1977.

Patrick F. Carron, Detroit, Mich., for plaintiff.

---

Pamela J. Thompson, Asst. U. S. Atty., Detroit, Mich., for defendant.

## OPINION

FEIKENS, District Judge.

This is an action timely filed for judicial review of a denial by the Secretary of Health, Education and Welfare of an application for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended. This application was and is determinative of Plaintiff's eligibility for benefits that would be accorded if a finding were made that Plaintiff was disabled *on or before* June 30, 1973 because of black lung. It is possible, in the event Plaintiff is not successful on this appeal, that he may show that his condition has worsened and that he became disabled due to this disease on some date occurring *after* June 30, 1973. In such case, Plaintiff may file a *de novo* application with the Department of Labor alleging onset after June 30, 1973 and that application will be considered without this determination by the Department of Health, Education and Welfare having any prejudicial effect on such a claim. Plaintiff is already receiving disability benefits under Title II of the Social Security Act, effective as of October, 1970, based on the residual effect of injuries from a gunshot wound.

The prior administrative proceedings in the case at bar are accurately stated in Defendant's Memorandum as follows: (at pages 1–2, transcript citations omitted).

"Plaintiff filed an application for miner's benefits under the Act on December 16, 1971, which was denied initially on April 21, 1972, by the Bureau of Disability Insurance of the Social Security Administration (hereinafter referred to as the Administration). Upon passage of the Black Lung Benefits Act of 1972, the case was returned to the Bureau of Disability Insurance, in accordance with Administration Regulations Section 410.670(b), for a new determination pursuant to the changed law. After a review of all the evidence in light of the statutory amendments, the Administration again denied the claim on March 16, 1975. Plaintiff, still being dissatisfied, filed a request for hearing on March 25, 1975 which was duly held at Detroit, Michigan on October 8, 1975, and in which plaintiff, his wife and his attorney appeared personally and testified before an Administrative Law Judge. Upon considering the case *de novo,* on January 30, 1976, the Administrative Law Judge found that plaintiff was not entitled to benefits under the Act, as amended.

"The Appeals Council, after careful consideration of all the evidence, including evidence in addition to that which was before the Administrative Law Judge, approved the decision on April 5, 1976. The Administrative Law Judge's decision thus became the final decision of the defendant Secretary. In affirming the hearing decision, the Appeals Council took notice of the additional medical evidence plaintiff submitted showing evidence of pneumoconiosis, and advised that this did not overcome the other evidence of record. It was also noted that such evidence relates to a period approximately 31 months after the Administration's jurisdiction of the Act terminated."

On this appeal for judicial review, Plaintiff contends that the x-ray reports and findings by various physicians showed that he was suffering from pneumoconiosis on or before June 30, 1973. The difficulty with this position is that while certain pieces of evidence do indicate this disease to be in existence at the appropriate time, several such pieces of evidence were refuted by the opinion of a medical expert at least as qualified, and in most cases obviously better qualified, than the doctor whose report was initially involved. Thus, the report of chest x-ray by Doctor Joshua P. Sutherland, dated November 29, 1971, was countered by readings of the same x-rays by Dr. Philip Whittlesey and Dr. Bob W. Gayler. A report by Dr. Arnold Eisenman, dated March 22, 1972, was reviewed by Dr. Herbert Goldstone.

The re-reading of the 1975 x-ray films is objected to by counsel for Plaintiff,[1] on his claim that the film was of poor quality. The Administrative Law Judge overruled this objection and allowed the reading because the film reader stated in his report that the film was of sufficient quality to be read. This constitutes a sufficient foundation for the admissibility of these reports and leaves their credibility to be considered by the Administrative Law Judge, and not this Court on appeal.

Medical evidence supportive of the Secretary's conclusion is also found in the reports from the National Medical Services in Detroit, which indicated a lack of cooperation by Plaintiff in the testing procedures, and a later report by Dr. V. San Jose at the same institution, dated April 25, 1973. The chest x-ray taken at this time was interpreted by a radiological specialist as being completely negative for any lung pathology. There is nothing in the later reports by Dr. Milton J. Steinhardt, Dr. Peter K. McLeod, Dr. Jesus Ortega, Dr. Z. Stephen Bohn, Dr. Victor A. Kelmenson, Dr. Arnold Eisenman, or Dr. Benjamin Felson that would require the Administrative Law Judge to conclude that Plaintiff was disabled due to black lung disease as of June 30, 1973. The reports just listed were all conducted after this date and many, if not all, are clearly in support of the opinion given after the April 25 examination. Dr. McLeod, for example, a radiologist, concluded that there were "no significant cardiopulmonary abnormalities" as of February 22, 1974; and Dr. Ortega, a week later, concluded that Plaintiff's lungs were clear and were not a major contributing factor to his disability.

Accordingly, since there is such substantial evidence in the record to support the decision of the Administrative Law Judge, that decision must be affirmed.

With respect to the 1976 evidence, the posture is somewhat different, but the result is the same. Counsel for Plaintiff contends that this material conclusively establishes that Plaintiff suffered from the requisite level of pneumoconiosis. While the Appeals Council appears not to contest this evaluation of the new evidence, its point that the evidence relates to a period 31 months after the June 30, 1973 time frame is well taken. If there were no contemporaneous evidence available, the agency would have to determine whether the evidence, fairly read, tended to show a pre-existing condition as of the pertinent period. But on this record, containing clear evidence that is contemporaneous, the new evidence shows only that Plaintiff may have a meritorious new claim to present to the Department of Labor alleging onset at some point subsequent to June 30, 1973. Accordingly, Defendant's motion for summary judgment must be granted. An appropriate order is entered herewith.

---

1. Also, this was objected to at the time of the hearing before the Administrative Law Judge.